Chris G. Trapp, Esq. Informal Opinion Village Attorney No. 96-23 Village of Alden 1400 Main Place Tower Buffalo, N Y 14202-3714
Dear Mr. Trapp:
You have asked whether under certain circumstances the village board of trustees, on its own motion, may submit a proposition to the voters for the dissolution of the village at an early election other than the time of a regular or special village election.
The board of trustees of any village may, and upon the petition of electors of the village must adopt a resolution submitting a proposition for the dissolution of the village to the voters for approval. Village Law § 19-1900(1). A petition to dissolve a village is sufficient if signed and acknowledged or approved "by qualified electors of such village, in number equal to at least one-third of the total number of resident electors residing in the village, qualified to vote at the last general or special election immediately preceding the submission of the proposition in question". Id.The procedure for submittal of the proposition is governed by section 9-912 of the Village Law. Id.
Under section 9-912(1):
 The board of trustees may, upon its own motion, and shall, upon the petition of . . . electors . . . cause a proposition . . . to be submitted at a regular or special village election as such elections are defined in the election law.
A "general village election" is the annual or biennial election for election of village officers. Election Law § 15-102(1). In most villages, this election is in March, prior to the start of the new fiscal year in April. Id., § 15-104. A "special village election" is an election of village officers held at a time other than the time of the general village election. Id., § 15-106. For example, an off-year March election for the filling of a vacancy in a village office would be a special village election.
Under section 9-912(1), the petition can request the holding of a referendum on a proposition at a time other than the time of a regular or special village election.
 If such petition requests the holding of a referendum at a time other than at such regular or special village election, such petition must contain twice the number of signatures otherwise required.
If the petition includes the requisite number of signatures and requests an early election as indicated above "such referendum shall be held no less than thirty, nor more than sixty days after the" public hearing under Article 19 of the Village Law. Id., §§ 9-912(1), 19-1900(1). If the petition does not state this request, the referendum on the proposition would be submitted "at the next regular or special village election for officers, held not less than thirty days after the" public hearing under Article 19. Id.
Therefore, under these provisions a petition with the requisite number of signatures can require an early referendum on a proposition to dissolve a village rather than submitting the proposition at the next general village election or special village election for the election of officers.
Your question is, if a valid petition is filed which does not request the submittal of the proposition at a time other than the time of the general or special village election when officers are being selected (or lacks the requisite number of signatures to require submittal at such alternate time), does the village board of trustees have the authority to require that the proposition be submitted at the alternate time?
While the board of trustees on its own motion is authorized to submit a proposition to the voters at a time other than the time of the regular or a special village election (see, Informal Opinion No. 93-25), in our view the prior filing of a petition which does not require the submittal of the proposition to dissolve the village at that time is controlling. Under section 9-912(1), "the board of trustees may, upon its own motion, and shall, upon the petition . . . by electors" submit a proposition for the dissolution of a village at a regular or special village election. Under this language, once a petition has been filed, the board of trustees shallsubmit the proposition in accordance with the petition. In our view, the statutory language is clear and unambiguous in requiring that the board of trustees take action in accordance with a petition having the requisite number of signatures that meets the requirements of law.
We conclude that the board of trustees of a village is required to submit a proposition for the dissolution of a village to a referendum in accordance with the requirements of the petition that is filed by the electors of the village.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions